IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM SANTOS and
VICTORIA SANTOS

      Plaintiffs,

vs.                                                                              Civ. No. 25-401 KK/SCY

ENDURANCE DEALER SERVICES, LLC,

      Defendants.

**<u>ORDER TO AMEND RULE 7.1 NOTICE</u>**

This matter comes before the Court sua sponte, following its review of the notice of removal, filed by Defendant Endurance Dealer Services, LLC on April 28, 2025. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 13. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

Here, Defendant alleges in the notice of removal that Plaintiffs are citizens of New Mexico and that no member of Defendant Endurance Dealer Services, LLC is a New Mexico citizen. Doc. 1 ¶¶ 8, 11 (citing Doc. 2). To support this contention, Defendant cites its disclosure statement, and so the Court turns to reviewing that statement. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name— and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court.").

Defendant is a limited liability company ("LLC") and as such, it is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (internal quotation marks omitted). The same applies to a limited partnership ("LP"), which is deemed a citizen of each and every state in which any member is a citizen. *See Penteco Corp., Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522-23 (10th Cir. 1991); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905-06 (10th Cir. 2015). Therefore, "[t]o properly allege the citizenship of one of these types of business entities, the party seeking federal court jurisdiction must start by identifying each and every partner or member of the entity, and if any of those partners or members are themselves entities, their constituent persons or entities must also be identified, and so on as far down as necessary to unravel fully the citizenship of the entity before

the court." *DCP Operating Co., LP v. Travelers Indem. Co.*, No. 24cv628 SMD/KRS, 2025 WL 404906, at *2 (D.N.M. Feb. 5, 2025) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 7.1(a)(2) (requiring a party to "name" every entity whose citizenship is attributed to that party).

To meet this requirement, in its disclosure statement Defendant lists the several layers of LLCs and LPs that make up its members. Doc. 2. The Court summaries the members here:

- Defendant Endurance Dealer Services, LLC, who has 1 member:
    - EDS Holding Co., LLC, who has 1 member:
        - Endurance Vehicle Services, LLC, who has 5 members:
            - Paul Chernawsky, Illinois citizen
            - TRP (Endurance) Co-Invest Partners, LP, who has 12 members:
                - Strategic Partners VI Investments, LP (Series A)
                - Adams Street 2014 US Fund LP
                - Adams Street 2015 US Fund LP
                - Adams Street Global Secondary Fund 5 LP
                - Adams Street- SCERS Fund LLC
                - Hislop Delaware Trust C/O James Hislop
                - David Mitchell, Michigan citizen
                - Steven Carrel, Michigan citizen
                - Michael DiRienzo, New York citizen
                - Michael Vellucci, Pennsylvania citizen
                - Karen Hansen, Michigan citizen
                - TRP Co-Invest Management, LLC, only general partner and who has 6 members:
                    - Hislop Delaware Trust C/O James Hislop
                    - David Mitchell, Michigan citizen
                    - Steve Carrel. Michigan citizen
                    - Michael DiRienzo, New York citizen
                    - Michael Vellucci, Pennsylvania citizen
                    - Karen Hansen, Michigan citizen
            - TRP (Endurance) GR I, LP, who has 2 partners:
                - Michigan Growth Capital Partners II, LP
                - TRP Co-Invest Management, LLC, only general partner and who has 6 members:
                    - Hislop Delaware Trust C/O James Hislop
                    - David Mitchell, Michigan citizen
                    - Steve Carrel. Michigan citizen
                    - Michael DiRienzo, New York citizen
                    - Michael Vellucci, Pennsylvania citizen
                    - Karen Hansen, Michigan citizen
            - TRP (Endurance) TFO II, LP, who has 4 partners:
                - TRP (Endurance) TFO Feeder, LP

- - - 
    - - ○ HCF Investment Funding LLC
        - ○ Jon P. Hedley, New York citizen
        - ○ TRP Co-Invest Management, LLC, only general partner and who has 6 members:
            - Hislop Delaware Trust C/O James Hislop
            - David Mitchell, Michigan citizen
            - Steve Carrel, Michigan citizen
            - Michael DiRienzo, New York citizen
            - Michael Vellucci, Pennsylvania citizen
            - Karen Hansen, Michigan citizen
    - Michigan Growth Capital Partners SBIC, LP

Doc. 2. The Court finds several deficiencies in this disclosure statement such that the statement and notice of removal fail to allege the necessary facts to sustain diversity jurisdiction.

First, in the disclosure statement Defendant argues that "[f]or diversity purposes, only the general partners of limited partnerships are considered." Doc. 2 at 3 (citing *Namco, Inc. v. Davidson*, 725 F. Supp. 1148, 1152 (D. Kan. 1989)). As such, in the chain of LLCs and LPs, Defendant only provides the citizenship of partners/members of the general partner, not of the limited partners. However, in 1990, the Supreme Court made clear that "[a] federal court must look to the citizenship of a partnership's limited, as well as its general, partners to determine whether there is complete diversity." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 185 (1990). As such, Defendant needs to provide the citizenship of all members/partners of the LPs and LLCs.

Second, one member of several LPs and LLCs is listed as "Hislop Delaware Trust C/O James Hislop (a Delaware citizen)." Doc. 2 at 2. "Traditionally, a trust was not considered a distinct legal entity, but a fiduciary relationship between multiple people." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (cleaned up). "Many States, however, have applied the 'trust' label to a variety of unincorporated entities that have little in common with this traditional template." *Id.* The citizenship of such "business" trusts is determined with reference to the state law under which that trust was created. *Id.* at 382. "So long as such an

entity is unincorporated . . . it possesses the citizenship of all its members." *Id.* at 383. At a minimum, the members include the shareholders or beneficiaries. *Id.* at 381-82; *see also Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 728-29 (2d Cir. 2017) (explaining the difference between "business" trusts and "fiduciary relationship" trusts).

To properly allege the citizenship of a trust, therefore, the removing party must (1) identify the applicable state law; (2) identify and explain the type of trust at issue under this state law (fiduciary relationship or business entity); (3) identify the proper method of determining citizenship (using either the citizenship of the trustees for a "fiduciary relationship" trust or the citizenship of the shareholder-beneficiaries for an unincorporated business trust); and (4) name and identify the citizenship of each trustee or each member, where applicable.

Lastly, Defendant asserts in the disclosure statement that "it has made diligent but unsuccessful efforts to identify the partners of Michigan Growth Capital Partners SBIC LP." Doc. 2 at 3. This assertion is insufficient to sustain diversity jurisdiction as the removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin*, 251 F.3d at 1290.

The Court will give Defendant the opportunity to cure and allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS HEREBY ORDERED** that Defendant file an amended corporate disclosure statement that fully complies with Rule 7.1(a)(2) no later than May 28, 2025.

**IT IS FURTHER ORDERED** that if Defendant does not file an amended corporate disclosure statement showing the facts necessary to sustain diversity jurisdiction by May 28, 2025, the Court may remand this case to state court without further notice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE